IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAN J. WIDMER, JR., | ) | |
| Petitioner, | ) | Civil. No. 04-1890-HO |
| v. | ) | ORDER |
| BRIAN BELLEQUE, | ) | |
| Respondent. | ) | |

Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment entered on November 15, 2000, in Douglas County Circuit Court case number 99CR3071FE following convictions for sodomy and sexual abuse. Petitioner appealed his convictions and the Oregon Court of Appeals affirmed.

Petitioner sought post-conviction relief in Marion County Circuit Court on July 29, 2002. The court denied relief, the Oregon Court of Appeals affirmed and the Oregon Supreme Court

denied review. Petitioner submitted a successive petition for post-conviction relief on October 25, 2004. The petition was dismissed on February 14, 2005.

Petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2254 asserting several grounds of ineffective assistance of counsel. Respondent argues that all of the claims are procedurally defaulted.

Section 2254(a) allows federal courts to entertain an application for habeas relief by a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Among the obstacles a federal habeas corpus petitioner must face are the distinct doctrines of "exhaustion of state remedies" and "procedural default". Although not always clearly distinguished, these doctrines are independent of each other, and require separate analysis.

28 U.S.C. § 2254 (b) requires that all state remedies on all claims alleged in a section 2254 petition be "exhausted" before a federal court reviews the claims. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). The cornerstone of the exhaustion requirement is that there are no available state remedies when the section 2254 petition is filed.

All state remedies are certainly unavailable when the federal claims have been "fairly presented" to the highest court of the

state. <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1970); <u>Schwartzmiller v. Gardner</u>, 752 F.2d 1341, 1344 (9th Cir. 1984). A claim is "fairly presented" to a state court when the legal basis of the federal constitutional claim is addressed; detailing only the facts around the claim is insufficient. <u>Picard</u> 404 U.S. at 275; <u>Anderson v. Harless</u>, 459 U.S. 4 (1982). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." <u>Castille v. Peoples</u>, 489 U.S. 346, 351-352 (1989) (claim first raised on petition for discretionary view to state Supreme Court).

Citation to state case law may suffice to fairly present a federal issue. See <u>Peterson v. Lampert</u>, 319 F.3d 1153, 1158 (9th Cir. 2003):

> To hold that citation to a state case analyzing a federal constitutional issue is insufficient to alert a state court to the federal nature of a petitioner's claim, when citation of a comparable federal case would be sufficient for that purpose, would be to conclude that the state courts are not genuine partners in the enforcement of federal constitutional law. Such a conclusion is inconsistent with the responsibility and dignity of the state courts in our federal system:
>
>> Upon the State courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them....
>
> <u>Robb v. Connolly</u>, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884); <u>see also Tafflin v. Levitt</u>, 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) ("[W]e have consistently held that state courts have inherent

3 - ORDER

authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959) (quoting passage from Robb v. Connolly). We therefore join our sister circuits and hold that, for purposes of exhaustion, a citation to a state case analyzing a federal constitutional issue serves the same purpose as a citation to a federal case analyzing such an issue.

Another reason state remedies may be unavailable when a section 2254 petition is filed is that the petitioner has defaulted on a claim in state court. This can be by a failure to comply with a state procedural rule, or by a simple failure to raise the claim. Coleman v. Thompson, 111 S. Ct. 2546, 2557, n.1 (1991); Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991); Harris v. Reed, 489 U.S. 255 (1989). This fulfills the technical requirement of exhaustion as there are no available state remedies, but the petitioner then runs squarely into the obstacle of "procedural default." A procedural default occurs if the petitioner failed to physically exhaust his state remedies by not presenting his claims in state court, and "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Coleman, 111 S. Ct. at 2557, n.1.

If a petitioner has procedurally defaulted on a claim in state court, the federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present constitutional issues to the highest state court or demonstrates that failure to consider the claims will result in "a fundamental

miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho State Board of Corrections, 800 F.2d 905 (9th Cir. 1986); Coleman v. Thompson, 111 S. Ct. 2546 (1991).

The claims raised in petitioner's section 2254 petition were asserted in his amended petition for post-conviction relief in state court. However, petitioner did not raise them on appeal, where he only asserted that his post-conviction attorney failed to conduct an investigation and subpoena witnesses. Petitioner contends that there is cause and prejudice which excuses the default. Specifically, petitioner claims his post-conviction counsel was responsible for the default and that he cannot be required to bear the risk of attorney error that resulted in the procedural default because counsel was not acting as his agent with regard to the default. Additionally, petitioner argues that the State of Oregon is responsible for the default because it failed to provide suitable counsel for post-conviction representation.

So long as a petitioner is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, 466 U.S. 668 (1984), there is no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). There is no constitutional right to an attorney in state post-conviction proceedings. Pennsylvania v. Finley, 481

5 - ORDER

U.S. 551 (1987). Thus, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). Petitioner must bear the risk of attorney error that results in a procedural default. Colman v. Thompson, 501 U.S. 722, 752-53 (1991).

> Attorney ignorance or inadvertence is not "cause" because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must "bear the risk of attorney error." Id., at 488, 106 S.Ct., at 2645. See Link v. Wabash R. Co., 370 U.S. 626, 634, 82 S.Ct. 1386, 1390-1391, 8 L.Ed.2d 734 (1962) (in "our system of representative litigation … each party is deemed bound by the acts of his lawyer-agent"); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92, 111 S.Ct. 453, 456, 112 L.Ed.2d 435 (1990) (same). Attorney error that constitutes ineffective assistance of counsel is cause, however. This is not because ... the error is so bad that "the lawyer ceases to be an agent of the petitioner." ...In a case such as this, where the alleged attorney error is inadvertence in failing to file a timely notice, such a rule would be contrary to well-settled principles of agency law. See, e.g., Restatement (Second) of Agency § 242 (1958) (master is subject to liability for harm caused by negligent conduct of servant within the scope of employment). Rather, as Carrier explains, "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State." 477 U.S., at 488, 106 S.Ct., at 2646. In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's right to counsel, so that the error must be seen as an external factor, i.e., "imputed to the State." See also Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985) ("The constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the State in

> obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law").
>
> ....
>
> Because Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas.

Coleman, 501 U.S. at 753-64, 757.

In this case, not only is petitioner's post-conviction counsel on appeal his agent for which petitioner bears responsibility, petitioner himself submitted a section B brief on appeal of his post-conviction petition and he failed to raise the claims he now asserts as well.  In addition, while the State of Oregon has provisions for providing counsel for post-conviction relief,[1] such provision does not rise to the level of a constitutional right shifting blame for counsel's failure to the State for purposes of 28 U.S.C. § 2254 cause and prejudice analysis.  Because petitioner fails to demonstrate cause for his procedural default, he is barred from bring the defaulted claims in a federal habeas proceeding. Accordingly, the petition is denied.

///

///

///

///

///

---

[1] See ORS § 138.590 (provisions for counsel for indigent petitioner).

7 - ORDER

## CONCLUSION

For the reasons stated above, petitioner Jan Widmer's petition for relief pursuant to 28 U.S.C. § 2254 is denied and this proceeding is dismissed.

DATED this __20th__ day of July, 2006.

                                              <u>s/ Michael R. Hogan</u>
                                           United States District Judge